**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-25654-ALTMAN**

**MAGIC CHRISTMAS (HK) CO. LTD.**,

    *Plaintiff*,

*v.*

**LET LIT**,

    *Defendant.*

_____/

## ORDER GRANTING MOTION TO DISMISS

Our Plaintiff, Magic Christmas (HK) Co. Ltd. ("Magic Christmas"), brings this patent-infringement action against the Defendant, LET LIT, alleging that LET LIT "is manufacturing, importing, promoting, reproducing, offering for sale, selling, and/or distributing goods that incorporate and infringe Plaintiff's Patents within this District through Internet based e-commerce store[.]" Complaint [ECF No. 1] ¶ 3.

LET LIT has moved to dismiss the Complaint because of Magic Christmas's "failure to join the owners of the [ ] Patents" to this case. *See* Motion to Dismiss ("Motion") [ECF No. 28] at 7. LET LIT alternatively requests that we order Magic Christmas to "provide a more definite statement concerning the rights it holds in the [ ] Patents[.]" *Ibid.* The Motion is fully briefed and ripe for adjudication. *See* Response in Opposition to Motion ("Response") [ECF No. 32]; Reply in Support of Motion ("Reply") [ECF No. 33]. After careful review, we **GRANT** the Motion but will allow Magic Christmas to file an amended complaint.

### THE FACTS

Magic Christmas is "the licensee of two [patents:] US 10,863,608 B2 for 'Light-Emitting Diode Driving System for Transmitting Signal Based on Power Line' [('608 Patent')] and US 8,344,659 B2

for 'Method and System and Method for Lighting Power and Control System [('659' Patent')]" (collectively, the "Patents"). Complaint ¶ 43. As licensee of the Patents, Magic Christmas has "the authority to enforce the rights associated with [the Patents] against any unauthorised use, infringement or violation by third parties within the jurisdiction of USA." *Id.* ¶ 44. And, "[w]ithout Plaintiff's permission or authorization, Defendant has infringed one or more of Plaintiff's exclusive rights relating to the federally registered Plaintiff's Patents by importing, manufacturing, offering for sale, and/or selling Counterfeit Copies which infringe on the Plaintiff's Patents." *Id.* ¶ 45. LET LIT's "unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching themselves at Plaintiff's expense." *Id.* ¶ 49.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual

allegations in a complaint as true and take them in the light most favorable to plaintiff[.]" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

### ANALYSIS

LET LIT contends that Magic Christmas lacks standing to bring this patent-infringement suit—at least, without joining the Patents' owners—because "Magic Christmas does not allege that it has acquired 'all substantial rights' to the [ ] Patents[.]" Motion at 6; *see also id.* at 2 ("Because it is not clear whether Plaintiff Magic Christmas is merely a 'licensee' or the 'owner' of the [ ] Patents based on contradictory allegations in the Complaint . . . Plaintiff must [ ] join with the apparent owners of the [ ] Patents in bringing suit for infringement of the [ ] Patents. Because Plaintiff Magic Christmas has failed to do so, Count I of the Complaint should be dismissed.").

Title 35 allows a "patentee" to bring a civil action for patent infringement. 35 U.S.C. § 281. "The term patentee includes the original patentee (whether the inventor or original assignee) and successors in title." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting 35 U.S.C. § 100(d)). But it doesn't include "mere licensees." *Ibid.* (citing *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1318–19 (Fed. Cir. 2009)). "If the party asserting infringement is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license.'" *Ibid.* (quoting *AsymmetRx*, 582 F.3d at 1319). To make this determination, "we examine the 'totality' of the [patent-transfer] agreement to determine whether a party other than the original patentee has established that it obtained *all* substantial rights in the patent." *Ibid.* (citation omitted & emphasis added); *see also Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1289 (S.D. Fla. 2013) (Marra, J.) ("Whether a transfer is an assignment or a license does not depend upon the name by which it calls itself but upon the legal effect of its provisions." (citing *Waterman v. Mackenzie*, 138 U.S. 252, 256 (1891)). "If a party cannot bring suit in its own name, it may still bring suit along

3

with the patentee so long as it possesses 'exclusionary rights.'" *Ibid.* (quoting *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007)). In such a case, the patentee who transferred the exclusionary rights is usually joined to the action under Federal Rule of Civil Procedure 19. *See id.* at 1229–30.

As an initial matter—and despite its claim to the contrary, *see* Complaint ¶ 23 (claiming that the "Plaintiff filed with the USPTO utility patents for the [the Patents]")—Magic Christmas is *not* the original patentee of either Patent, *see* Patent Registrations [ECF No. 1-4] at 1 (identifying "Jiangmen Pengjiang Tianli New Tech Co., Ltd." As the applicant and assignee of the 608 Patent); *see also id.* at 8 (identifying "Tsutomu Shimomura, Mark Peting, and Dale Beyer" as the inventors, and "Neofocal Systems, Inc." as the assignee, of the 659 Patent).

Since Magic Christmas isn't the original patentee—and because it hasn't joined the original patentees as parties to this action—it will only have standing to sue in its own name by pleading that it has obtained "all substantial rights" in the Patents. *See Lone Star*, 925 F.3d at 1229; *see also Morrow*, 499 F.3d at 1339 ("There are three general categories of plaintiffs encountered when analyzing the constitutional standing issue in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit. The first category includes plaintiffs that hold all legal rights to the patent as the patentee or assignee of all patent rights—the entire bundle of sticks."). And Magic Christmas hasn't done that.

For one thing, the Complaint doesn't attach the relevant patent-transfer agreements so that we can determine whether they transferred all substantial rights in the patents to Magic Christmas. *See generally* Complaint. For another, the Complaint doesn't meaningfully describe which rights Magic Christmas has obtained in the Patents. It says only that Magic Christmas is a "licensee [with] the authority to enforce the rights associated with [the Patents] against any unauthorised use, infringement or violation by third parties within the jurisdiction of USA." Complaint ¶ 44. But that's not enough to

show that Magic Christmas obtained *all* substantial rights in the Patents. As the Federal Circuit has

helpfully explained:

> Our prior decisions have never purported to establish a complete list
> of the rights whose holders must be examined to determine whether a
> licensor has transferred away sufficient rights to render an exclusive
> licensee the owner of a patent. But we have listed at least some of the
> rights that should be examined. Of course, transfer of the exclusive
> right to make, use, and sell products or services under the patent is
> vitally important to an assignment. We have also examined the scope
> of the licensee's right to sublicense, the nature of license provisions
> regarding the reversion of rights to the licensor following breaches of
> the license agreement, the right of the licensor to receive a portion of
> the recovery in infringement suits brought by the licensee, the duration
> of the license rights granted to the licensee, the ability of the licensor
> to supervise and control the licensee's activities, the obligation of the
> licensor to continue paying patent maintenance fees, and the nature of
> any limits on the licensee's right to assign its interests in the patent.

*Alfred E. Mann Found. For Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1360–61 (Fed. Cir. 2010) (cleaned

up)).

Magic Christmas's failure to plead that it obtained all substantial rights in the Patents renders

its Complaint facially deficient. *See Aceto Corp.*, 953 F. Supp. 2d at 1289 (granting motion to dismiss

where plaintiff failed to "demonstrate that [the plaintiff] is an assignee, or the legal equivalent of an

assignee of the trademark, or [ ] name [the patent owner] as either a plaintiff or a defendant."); *see also*

*Baxter Healthcare Corp. v. B. Braun Med. Inc.*, 2022 WL 4133292, at *5 (E.D. Pa. Sept. 12, 2022) (granting

motion to dismiss where patent owners were dismissed from suit and plaintiff failed to plead that they

"retain 'all substantial rights'; plaintiffs only generally plead that they were assigned patent rights").

Magic Christmas tries to remedy this deficiency in its Response by alleging that it *has* obtained

all substantial rights in the Patents and attaching portions of the patent-transfer agreements. *See*

Response at 2 ("It is submitted that the Plaintiff is the exclusive licensee of both Patents under written

agreements that grant Plaintiff comprehensive and substantial rights to make, use, sell, offer for sale,

import, and otherwise exploit the patented inventions within the United States, together with the

5

exclusive right to enforce the Patents against infringers. Under settled Supreme Court and Federal Circuit precedent, such a transfer constitutes a conveyance of 'all substantial rights,' conferring standing upon Plaintiff to sue in its own name." (cleaned up)); *see also* 659 Patent Transfer Agreement [ECF No. 32-1]; 608 Patent Transfer Agreement [ECF No. 32-2]. Two problems with this. *First*, the Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)). And the Complaint doesn't discuss the alleged transfers in any meaningful detail—and doesn't attach the transfer agreements at all. *Second*, the patent-transfer agreements Magic Christmas has attached to the Response are *heavily* redacted, making it impossible for us to examine them in their "totality." *Lone Star*, 925 F.3d at 1229.[1]

\* \* \*

We therefore agree with LET LIT that Magic Christmas has failed to plead that it has standing to bring this suit. Magic Christmas isn't the original patentee of either Patent. It hasn't joined the original patentees as parties. And the Complaint doesn't sufficiently allege that Magic Christmas has obtained "all substantial rights" in either Patent. So, we'll grant the Motion but allow the Plaintiff to file an amended complaint that *either* joins the Patents' owners as parties *or* more thoroughly explains how the relevant patent-transfer agreements confer standing on Magic Christmas to bring this suit.

### CONCLUSION

After careful review, therefore, we **ORDER** and **ADJUDGE** as follows:

1. LET LIT's Motion to Dismiss [ECF No. 28] is **GRANTED**.

---

[1] Oddly enough, Magic Christmas recognizes that "[t]he existence of such rights must be determined from a holistic reading of the agreement between the owner and the Plaintiff, construed in its entirety[.]" Response at 5. So, we're not sure why Magic Christmas only provided a few provisions from each patent-transfer agreement rather than ask for leave to file the full agreements under seal. *See* S.D. FLA. L. R. 5.4(b) (describing procedures for filing under seal).

2.  Magic Christmas's Complaint [ECF No. 1] is **DISMISSED** *without prejudice* and with leave to amend. If it chooses, Magic Christmas may file an amended complaint by **June 12, 2026**.

3.  Magic Christmas's Motion for Temporary Restraining Order [ECF No. 9] is **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on May 24, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

7